[ECF No. 93]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **RUDOLPH BEU, IV,**  Plaintiff,  v.  **CITY OF VINELAND, et al.,**  Defendants. | Civil No. 20-2510 (RBK/EAP) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for leave to file a Second Amended Complaint. *See* ECF No. 93. Defendants oppose the Motion. *See* ECF No. 94. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

This case arises out of an employment dispute between the City of Vineland and its former Chief of Police. The Vineland Police Department hired Plaintiff Rudolph Beu, IV as a Captain in 2015 and promoted him to Chief of Police in January 2017. ECF No. 45, Amended Complaint ("Am. Compl."), ¶¶ 7, 25, 43. The Amended Complaint identifies two groups of Defendants: (1) the City Defendants, which includes the City of Vineland and numerous present and former city officials and employees, *see id.* ¶¶ 8-9, 11-14, 16-19; and (2) the remaining Defendants who are not affiliated with the City: the Policeman's Benevolent Association Local 266 ("PBA Local 266"); and Todd Gelfand, a private attorney retained by the City of Vineland who investigated and

drafted one of the Final Notices of Disciplinary Action ("FNDAs") against Plaintiff, *see id.* ¶¶ 10, 15. In short, Plaintiff alleges that Defendants retaliated against him for reporting numerous illegal and unethical acts that Plaintiff observed while at work. *See id.* ¶ 1. As a result, Plaintiff allegedly suffered several adverse employment consequences, including the FNDAs. *See id.* ¶¶ 147-73. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for First Amendment retaliation, *id.* ¶¶ 174-85 (Count I); the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.*, *id.* ¶¶ 186-94 (Count II); Defamation, *id.* ¶¶ 195-203 (Count III); and Civil Conspiracy, *id.* ¶¶ 204-06 (Count IV).

On March 6, 2020, Plaintiff filed the Complaint initiating this action. *See* ECF No. 1. On January 4, 2021, Plaintiff filed an Amended Complaint. ECF No. 45. Defendants filed their respective answers to the Amended Complaint. *See* ECF Nos. 73-75. On April 6, 2022, the Court held an initial conference, and the case proceeded into discovery. *See* ECF No. 76, Scheduling Order. On July 18, 2022, the Court granted the parties' joint oral application for a temporary stay of this matter pending resolution of the related administrative proceedings in the New Jersey Office of Administrative Law ("OAL"). *See* ECF No. 82. On December 14, 2022, after holding a status conference with the parties and at the parties' joint request, the Court vacated its July 18, 2022 Order and entered an Order staying this matter indefinitely. *See* ECF No. 87. That Order provided that "the Court will re-open this matter upon a showing of good cause." *Id.* That stay remains in place to date. *See* Dkt. Sheet.

On October 18, 2023, Plaintiff filed the present Motion seeking leave to file a Second Amended Complaint. *See* ECF No. 93. Plaintiff seeks to add factual allegations that have allegedly come to light since the Court entered the stay in December 2022. ECF No. 93-2, Plaintiff's Brief ("Pl.'s Br.") at 3; ECF No. 93-3, proposed Second Amended Complaint ¶¶ 172-82.

In support of the present Motion, Plaintiff argues that he "does not seek to reinstate the case . . . but rather seeks to open the case and file his Second Amended Complaint for the limited purpose of adding the additional adverse actions to the case so that if and when [the case] is ultimately reopened, these additional actions will be properly before the Court." Pl.'s Br. at 3. In addition, Plaintiff argues that the amendment comports with Rule 15. *Id.* at 2-3. More specifically, Plaintiff argues there was no undue delay because Plaintiff filed the Motion "to add significant adverse actions" that have been taken against him since he filed the First Amended Complaint. *Id.* at 2. Plaintiff further asserts that he did not file the amendment in bad faith and that Defendants would not be prejudiced by the amendment because they would "have ample opportunity to conduct discovery on the claims as no witnesses have been deposed by either side and discovery is still in its infancy." *Id.* at 2-3.

On November 6, 2023, the City Defendants filed opposition to the Motion, arguing that Plaintiff has not demonstrated good cause to lift the stay. *See generally* ECF No. 94, Defendants' Opposition ("Defs.' Opp."). Alternatively, the City Defendants argue that Plaintiff's Motion is deficient under Rule 15. *See generally id.* Plaintiff did not file a reply. *See* Dkt. Sheet. Having been fully briefed, the Motion is now ripe for disposition.

## **DISCUSSION**

Before addressing whether the proposed amendment is allowed under Rule 15, the Court must determine whether Plaintiff has established good cause to lift the administrative stay in this matter such that the Court may consider the Motion on the merits. "A United States district court has broad power to stay proceedings." *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976); *Saint-Jean v. Holland*, No. 19-10680, 2021 WL 5866901, at *3 (D.N.J. Dec. 9, 2021) (citation omitted). One application of that power is that a district court may, "[i]n the exercise of its sound discretion, . . . hold one lawsuit in abeyance to

3

abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp.*, 544 F.2d at 1215.  The power to issue or continue such a stay "'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Nasdaq, Inc. v. Miami Int'l Holdings, Inc.*, No. 17-6664, 2020 WL 13890182, at *6 (D.N.J. Sept. 30, 2020) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)), *aff'd*, 2021 WL 12111843 (D.N.J. Mar. 10, 2021).

The party moving to lift a stay bears the burden of establishing good cause for doing so. *Nasdaq, Inc.*, 2020 WL 13890182, at *6.  To succeed, a movant must present a change in circumstances demonstrating that lifting the stay is warranted. *Nasdaq, Inc.*, 2021 WL 12111843, at *3; *Lynn Scott, LLC v. Grubhub, Inc.*, No. 20-6334, 2022 WL 10535473, at *2 (N.D. Ill. Oct. 18, 2022) (cleaned up) (noting that when one party seeks to lift a stay, the court should consider "substantially changed circumstances" since the stay was entered that justify its dissolution (quoting *Tyrer v. City of S. Beloit*, 516 F.3d 659, 664 (7th Cir. 2008)).  Relevant considerations include the status of both proceedings, whether continuing the stay would prejudice any party or simplify the issues in the case, and the interests of both the court and the public in judicial economy. *Nasdaq, Inc.*, 2021 WL 12111843, at *3.

Here, Plaintiff does not expressly argue that good cause exists to lift the stay. *See generally* Pl.'s Br.  However, the Court will interpret the Motion as seeking to lift the stay for the limited purpose of filing the proposed amendment.  *See Nasdaq, Inc.*, 2020 WL 13890182, at *6 (construing an application to file an amended complaint in a patent case that was stayed pending parallel Patent Trial and Appeal Board ("PTAB") proceedings as a request to lift the stay).  For their part, Defendants argue that there is no good cause to lift the stay because the "only change

has been certain procedural developments in the administrative proceedings." Defs.' Opp. at 2. In Defendants' view, opening the case would "defeat the purpose of the stay" because "[t]he Court will be in a much better position to assess all of the issues once the case is re-opened in its entirety." *Id.*

The Court finds that Plaintiff has not established a significant change in circumstances to lift the stay. Upon review of the proposed Second Amended Complaint, the only changed circumstances relevant to Plaintiff's Motion are: (1) new disciplinary notices issued by the City against Plaintiff; and (2) that the City's employment investigator allegedly gave "false testimony" at Plaintiff's ongoing administrative disciplinary hearings. *See* proposed Second Amended Complaint ¶¶ 172-82. That is insufficient to establish good cause. First, the Court finds that lifting the stay would be inefficient. The parallel administrative proceedings are ongoing and may develop in ways that are relevant to Plaintiff's claims in this case. In addition, allowing the administrative proceedings to conclude before this case is reopened will simplify the issues. And Plaintiff may move to amend the pleadings to account for the entirety of the administrative proceedings after they become final. *See Nasdaq, Inc.*, 2020 WL 13890182, at *6 (declining to lift a stay pending the resolution of PTAB proceedings and noting that "[b]ecause the proceedings at the PTAB are not final, the [c]ourt will not disturb [the] stay"); *see also Depomed, Inc. v. Purdue Pharma L.P.*, No. 13-571, 2016 WL 50505, at *1-2 (D.N.J. Jan. 4, 2016) (concluding that it was inappropriate to lift a stay pending the resolution of Patent and Trademark Office ("PTO") proceedings because an expedited appeal of the PTO's final decision was pending before the Federal Circuit). Simply put, to lift the stay now would be of little use given that Plaintiff will likely file a subsequent motion to amend after the relevant administrative proceedings conclude. To address the substance of the present Motion under Rule 15 would be inconsistent with the interests of both the Court and the public in judicial economy.

Lastly, neither party is prejudiced by continuing the stay.  Once the administrative proceedings have concluded, Plaintiff will have an opportunity to move to amend the complaint as necessary to account for new facts.  A continued stay will not delay the resolution of Plaintiff's case to the detriment of his procedural or substantive rights.  And because the City Defendants oppose lifting the stay, they have essentially conceded that continuing the stay will not prejudice them.  *See* Defs.' Opp. at 2.

In sum, the Court finds that Plaintiff has not established good cause to lift the stay.  To lift the stay to permit the filing of an amended complaint at this time would be inefficient, and no party will be prejudiced by continuing the stay.  Accordingly, Plaintiff's Motion to amend is denied without prejudice.[1]

## ORDER

For the reasons set forth in the Opinion and for good cause:

**IT IS** this **6th** day of **May 2024**;

**ORDERED** that Plaintiff's Motion, ECF No. 93, seeking leave to file a Second Amended Complaint is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the stay entered on December 14, 2022, *see* ECF No. 87, shall remain in effect and will not be lifted absent a showing of good cause.

s/ Elizabeth A. Pascal  
ELIZABETH A. PASCAL  
United States Magistrate Judge

cc:  Hon. Robert B. Kugler, U.S.D.J.

---

[1] Having declined to lift the stay, the Court finds it unnecessary to perform the Rule 15 analysis.